F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00710-BNB

ROBERT G. BRITTON,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Robert G. Britton, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Britton initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On March 31, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On April 21, 2011, Respondent filed a preliminary response indicating that he did not intend to assert the defense of failure to exhaust administrative remedies. On April 22, 2011, Respondent filed an amended preliminary response, indicating that the April 21 response was filed in error, and that

Respondent did intend to raise the exhaustion defense. Mr. Britton filed a reply on April 28, 2011.

The Court must construe Mr. Britton's filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Britton contends that the BOP has incorrectly computed the length of his sentence. Application at 2. He asserts that his sentence was scheduled to expire on March 1, 2008, but that an escape conviction extended his sentence by 30 months. *Id.* Therefore, Mr. Britton argues that he should have been released in December 2010. *Id.*

Respondent argues that Mr. Britton has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Britton has failed to seek review of his claims at all three levels of review available in the administrative remedy system.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); **see also Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Britton. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request (also known as "BP-9"), usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director ("BP-10"), and if he is not satisfied with the regional director's response he may file an appeal with the general counsel ("BP-11"). § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

The record confirms that Mr. Britton has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Prelim. Resp. at Ex. A-1. On February 16, 2010, Mr. Britton filed a BP-9 requesting correction of his sentence computation. *Id.* at 19. The warden denied Mr. Britton's BP-9 on March 1, 2010. *Id.* On March 15, 2010, Mr. Britton appealed the warden's denial by filing a BP-10 with the regional office. *Id.* On April 13, 2010, the regional director affirmed the warden's prior denial. *Id.* On May 13, 2010, Mr. Britton attempted to appeal the regional director's decision by filing a BP-11 with the central office. *Id.* at 20. However, because Mr. Britton failed to provide

the required attachments stating the reason for the appeal, the BP-11 was rejected on June 2, 2010. *Id.* at 23; ***see also*** 28 C.F.R. § 542.15(b) (requiring that "[a]ppeals to the General Counsel shall be submitted on the form designed for the Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses."). The denial informed Mr. Britton that he could resubmit the BP-11, with the required attachments, within fifteen days. ***See*** Prelim. Resp. at 4. However, the record demonstrates that Mr. Britton has not filed an amended BP-11 regarding his sentence computation. *Id.* at Ex. A-1, p. 20-23.

    Mr. Britton failed to follow the proper procedures for exhausting his administrative remedies, and as a result, he did not receive a response on the merits of his claims from the general counsel. Further, nothing in the preliminary response indicates that Mr. Britton is not able to start the process again by filing an administrative remedy request with the warden. As previously stated, the United States Court of Appeals for the Tenth Circuit has held that before a federal inmate may seek review of complaints relating to aspects of his imprisonment, such as computation of his sentence, he must exhaust the administrative remedies set forth in 28 C.F.R. §§ 542.13 - 542.16. ***See Williams***, 792 F.2d at 987. Because the BOP is in a "superior position to investigate the facts, judicial intervention usually is deferred until administrative remedies have been exhausted." *Id.* Circumventing the administrative exhaustion process by filing a habeas corpus application before exhausting undermines the system designed for effective and efficient administration of justice. ***See Woodford***, 548 U.S. at 90-91. Therefore, the application will be denied and the action dismissed for failure to exhaust

the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this  5th  day of     May        , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00710-BNB

Robert G Britton
Reg. No. 04529-010
USP Florence - High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 5, 2011.

                                        GREGORY C. LANGHAM, CLERK

                          By: _____
                                          Deputy Clerk